On behalf of the people of the state of Illinois v. Scott Lutter, on behalf of Mr. Lutter, Donald Ramsell, on behalf of the people, Ms. Kristen Schramm. Good morning, counsel. Mr. Ramsell. Good morning. In order to make it please the court, my name is Don Ramsell. R-A-M-S-E-L-L. Counsel, before you start, the court has received a number of motions from both of you to cite additional authority. Is there any objection from either one of you to the court allowing these motions at this time? Not from me. Okay. Then they are allowed. Thank you. Judge, the statute of limitations has an important place in our society. It is the law in Illinois that it is to be liberally construed in favor of enforcing it. And there can be no doubt that the Illinois Supreme Court has, at least for 80 years, held that when a charge is filed outside the statute of limitations, it becomes an element of the offense which the state must plead and prove. The most recent citation from the Illinois Supreme Court to Cecil Holt is People v. Morris from 1990. If it's an element, can it be waived? Well, I know Judge Spence is a fan of waiver and forfeiture tremendously, but I would suggest that all elements can be stipulated to or waived with the authority and knowing an intelligent waiver of the client. So in cases like Gwynn, Williams, Speller, Wasson, some recent Rule 23s out of the First District, Roberts and Garcia, that all talk about if a defendant doesn't raise it, and I know it's different situations here because it wasn't pled in those other cases, but it was raised on appeal for the first time. But if it's truly an element that must be pled and proven, how can it be waived? Are those cases just simply inapposite? They really are inapposite. Why? There's two issues when we have a statute of limitations problem. We have a pleading problem. We have a proof problem. Pleading problems are generally waived if they're not brought to the attention of the court prior to a trial, generally, except when you fail to state a cause of action. There are some defective complaint cases as well, but they're generally waived. The pleading problem is almost generally waived. I suppose in the absurd, one might even have a blank robbery charge. But at trial, the proof of every element has to still be made beyond a reasonable doubt, period. It would not matter whether the pleading was artful or inartful. The cases that suggest that waiver of a pleading is just that, that can't be raised post-trial, I have no problem with that. I don't know who should. That's a pleading issue. At trial, it's a proof issue. But when does it become a defense? I mean, there's a jury instruction. When does it become that? Yes. I would say either if the proof were to insert that as an issue or the pleadings did. If during the trial, either by a pleading or by the facts of the case, it became apparent that the charges were filed outside the statute of limitations, a jury instruction would ensue. But now, prior to that, would a defendant have the obligation to come in with a pretrial motion to dismiss, to challenge that? No, obligation, I would disagree. Option, I would say option. Not obligation. As a civil lawyer, I practice civil law. Many civil lawyers have an option to go in on a motion for summary judgment to try and kick out a case on an inability to prove it at an early stage, pretrial, with a different burden. So you're saying it's a matter of strategy? In a strong sense, yes. For example, there are certainly, and I could offer a strategy where a defense attorney may not want, let's say, a case is filed outside the statute of limitations. Perhaps a defense attorney at trial would choose to want to waive that knowingly, intelligently, with his client's permission because he didn't want the jury to be lost on that issue. I could see that happening. But that's not this case. This is a case of pure law. So they're waiting to prove it. Did you have any legal basis for moving to dismiss the information under section 114A2? I knew that the court would ask me that, and I'm going to tell you that that question asks me to reveal what I feel would be either confidences of my client on what issues were or not capably being proven. I don't think I can answer whether I have a basis for it or not. I believe that would be like asking, do I have a basis for contesting whether the conduct was in fact knowing and willful? I can't really concede an element of a case, and I think that kind of steps into that ground. Was there any factual? No. Ultimately, every fact leads to a question of law. That's why Gray is really intellectually dishonest. Every set of facts ultimately leads to a question of law. If you were to ask a defense counsel, did you really have a basis for defending your client on a murder charge? Yeah, I'm here to force the state to prove every element of the case beyond a reasonable doubt. Was there any factual issue here regarding the reason for the tolling of the statute of limitations? That's the same question. Is there a factual issue? There is for every element, period. So there was here. There was a factual issue. There was a factual issue in every case for every element. I make no concession in any other way. Demand proof, whether I feel internally or within the confines of my office that the element is contestable or not is not an issue. I'm there to hold the state to their burden to prove every element, and every element is by default an issue. You believe that this is an element, and therefore, the defendant should have been acquitted. I more than just believe it. I cite and quote the Illinois Supreme Court and people, being Morris, that says it's an element now. Well, Morris was decided on the pleadings, wasn't it? It's not like our case. It was decided on pleadings, but it states the law and remains the law until the Illinois Supreme Court chooses to change it. We can't have opener dictum in the appellate court about what the Supreme Court says. Well, wasn't the language there and proof, since it was a pleading case, dictum? No. Why not? Because what the Illinois Supreme Court states is non-dictum that the appellate court is free to ignore. Inferior courts are without authority to overrule the Supreme Court or modify its decisions. It states when a charge is filed outside the statute of limitations, it becomes an element of the offense which the state must plead and prove. I don't believe this court or any other inferior court is free to ignore that. I believe that this court must follow the very clear and very explicit statement that it's an element that must be proven. You cite Ross and Whittington, early Supreme, actually Whittington I think is an appellate court case, but Ross an early Supreme Court case for this exact proposition, correct? Yes, I believe the line, because it was cited by Morris and it goes back to 1927. Please explain to me then why both Ross and Whittington, the cases were reversed in the trials. Excuse me, I apologize. I don't really have an explanation for that. I'm going to say that my confidence in the facts and historically, why? Well, could it be because this is a statutory procedural issue that perhaps if in fact the proofs have to prove it as you indicate a trial, that instead of asking for an acquittal, you should have asked at that point for a dismissal of the indictment, which the state would then theoretically be able to recharge. It could be that the jurisprudence on double jeopardy was slightly different than it is now. I really don't know. I don't, and I don't know what the outcome of the cases were after they were returned. Well, the outcome wouldn't actually be that relevant, would it? Well, I know the state might come up here and say the defense counsel can't cite a single case where the defendant, where a conviction was reversed on a statute of limitations issue. Well, there are some. I mean, that's the problem is that there's cases all over the board on this issue. Some, there's flat out reversals, and then there's some that are reversed and remanded for new trials on the same exact issue. I mean, so. My point is there probably, I can tell you six of my own personal cases where findings of not guilty occur in the trial court level. Of course the appellate court never sees those. There can be 10,000 not guilties. The appellate court body of law isn't a Harris poll on the issue and can't be because by nature when a defendant receives a not guilty based on people versus Morris' holdings, the appellate court never has the case to even pronounce it or contain it within the body of law. In fact, one could say that across 80 years, the fact that this is such a narrow issue might be because rarely would a trial court actually find somebody guilty under this pronouncement when it's clear and stated so exact. Counsel, you talk about burden shifting with respect to the Gray case, but how is there shifting of the burden of proof by requiring a defendant to bring a motion to dismiss when Gray actually explicitly states that the burden shifts back to the state once the defendant has filed the motion? I believe I cited two examples by the Supreme Court of the United States that procedures that force a defendant to file a pretrial motion in order to make the state prove an element of a case at trial or thereby waive it by failing to do so are themselves unconstitutional. The defendant does not have to answer or aver or admit or deny elements of an offense or face waiver or forfeiture. That's a due process issue. And that's why an argument like Gray that says unless the defendant speaks and denies his right to demand proof at trial is waived, it puts the Constitution upside down. That's why 114-1 is a procedural protection. That's why people be Adams, which I gave your honor in one of my motions, is very helpful. It explains the difference between a procedural protection but says that statutes which provide procedural protections such as 114-1 do not alter a state's obligation to prove something that they're required to prove at trial. Now, Bennu, and I think this really is a helpful case because back then the Illinois Supreme Court through its body of decisions had developed a line of cases holding that Bennu was an element of every offense or so of an offense. And that remained the body of law pronounced by the Supreme Court for many, many, many years. Just like Morris says that the statute of limitation exception is an element. Now, the legislature is free to alter that within the constitutional confines to say what are the elements of an offense. In Adams, after the Adams decision said for 80 years Bennu has been an element of trial. The legislature altered that state of law by passing Public Act 89-288 and amending 114-1 to specifically state that the state is now required to prove during the trial that the alleged offense occurred in any particular county in the state. The legislature did that in response to Justice Miller's special concurrence where Justice Miller said because Bennu is not defined as an element of any offense in Illinois, there's no requirement under the federal constitution that the prosecution of a criminal case establish Bennu beyond a reasonable doubt. And I agree with, your argument certainly has a great deal of appeal based upon this word element. And the fact that Morris and Supreme Court cases have used the word element. And I agree with you that we're not able to depart from Supreme Court precedent. But the Supreme Court has also called statute of limitations a defense. In Peeble v. Carman, the Supreme Court said without proof of the affirmative, the defendant was entitled to invoke the bar of the statute in defense of the action. In Peeble v. Polk, the Supreme Court said the statute of limitations is a defense which may or may not be urged by a defendant. So there are some cases out there that seem to depart from this element language from the Supreme Court. Without going into a deeper discussion, let's say that was the case, that it was a defense in that regard. We don't have that here because the pleading itself contains the defense. The state's pleading set it up. The defendant didn't have to raise a defense that's built into their own pleading. They were already on notice of what they had to do. It was as simple as looking in a book of cases to say since we knew to plead it, we knew to prove it. We didn't have to file an affirmative defense. It's already there. If it's not an element, they certainly have a due process obligation to put the defendant on notice that there's an exception that they're relying on for the statute of limitations. And then if it is, in fact, an affirmative defense, then it will be up to the defendant to say, wait a second, there wasn't another charge pending during this time period. And we're going to contest that in a 114-1 motion. Justice Burke, let's say we have a pleading on the statute of limitations where it's not about whether it was filed later on, but it was whether or not the statute of limitations ran for some other reason. I can't really think of a hypothetical now. If the fact wasn't brought to the attention of anybody, I can see that being where it becomes a defense because the pleading doesn't suggest that either incompetence or, you know, a person left the state. I'm not really sure. But the defense was built into the pleading. Why would the state ever put it in a pleading, ever again, in the history of writing that pleading document? Because they're both required to plead and prove. I mean, in civil cases, you have to plead and prove these things all the time. In this argument, we're basically saying if, in fact, it can be waived, okay, and if, in fact, by putting it in the pleading, you're raising the defense for the defendant, and then you must disprove the defense as an affirmative defense, why would a prosecutor ever put that in a pleading document? If he doesn't put it in there, it's subject to 114-1. Which then he can replete. And then it'll be in there, and then we're back here again. Well, you know, the Supreme Court clearly set up the system. If it wants to be changed, it's up to them to change that, whether we like it, don't like it, whether some people consider statute of limitations a technicality or some people consider it a protection that we're all afforded. Those are the politics of the law, but it is the law, and I'm asking Your Honor to respect it, call upon the Supreme Court to deal with it. But for this moment, one could not have a more explicit quotation that teaches us what the law is, and I'd ask that it be enforced. Thank you. We'll have time on rebuttal. Thank you. Ms. Schwint? Do you agree that statute of limitations is an element of an offense? Well, first of all, good morning. Good morning. I'm sorry. May it please the Court. I believe that the case law from the early 1900s and the late 1800s, and even as opposing counsel cited in Morris, set forth that a statute of limitations when pled does become a material averment in the indictment. That being said, as I believe Justice Burke and Justice Ian, I believe everyone on the panel has set forth, that averment doesn't become something that the state has to prove unless the defendant puts them on notice that they are then challenging it. And there's a plethora of case law, both Supreme Court, both appellate court, and I believe, as Justice Yanofsky stated, the jury instructions state, the statute of limitations is found in the defense's section. It's an affirmative defense that the defendant must raise in order to get that instruction. There would be no need for that instruction if it's always been proved. I apologize. No, go ahead. I just, there just would be no need for an affirmative defense instruction if that instruction always becomes part of the element of defense whenever a statute of limitations tolling provision. But there is a requirement in that jury instruction that the statute of limitations or the exception actually be listed as an element or one of the, in the issue's instruction, one of the principles that has to be proven. Isn't that what the structure is of the jury instructions? That is true, Your Honor. However, the introduction of the defense's chapter is trying to put together all the defenses that a defendant may raise affirmatively, such as in his answer, such as self-defense, such as necessity. And what they're trying to do is, as opposed to saying, I have three elements for driving under the influence plus a separate jury instruction for this affirmative defense, the jury instruction is indicating that rather than have two separate pages, you should put that jury instruction with the four, with the other three elements so it's all, it's all on one, it's all on one floor. If a defendant has to raise it, does the defendant have to raise it in a 114-1 motion? And if the defendant has to raise it in a 114-1 motion, otherwise it's waived, why do we have this instruction? It's totally unnecessary. Sure. There are instances in which there might be some sort of factual issue, and one of the issues I can think of off the top of my head would be instances in which there is a tolling provision that's fled where the defendant was not a resident of the state. And you oftentimes see those in the older cases, particularly in the 1880s and the early 1920s, where the case law that came from that they must plead and prove the element, they oftentimes plead or fail to plead that the defendant was not a resident of the state and so therefore that's why they waited so long to bring the indictment. Now, something of that nature might have factual allegations, factual things to determine, witness testimony, the credibility of the witnesses, I didn't see this person here, I didn't know where this person, you know. If a defendant had that as a defense, the defendant would know that and the defendant would then be, it would be incumbent upon him or her to raise that in a 114-1 motion. And a 114-1 motion, as Justice Miller indicated in Adams, a special concurrence, 114-1 is well equipped to take care of evidentiary issues. That's correct. So again, if it's an affirmative defense, or if it's a defense that has to be raised under 114-1, why do we have this instruction if a 114-1 hearing can contain evidentiary issues? There might be, I believe, as opposing counsel referenced, there might be issues of strategy and I believe, and I will have to think about which case it was, however, there's a, and it might be even in the Gray case, there might be instances in which you don't want to file a 114-1 and you just want to raise it as an affirmative defense. This might be instances in which the misdemeanor tolling statute of limitations has expired and they still charged it, but the felony statute of limitations has not expired. So under a 114-1, you could dismiss the misdemeanor, but then it would provide the state the opportunity to replete a felony, which would still be within the tolling provision. Whereas in a statute of limitations for the misdemeanor, they could go to trial, raise it as an affirmative defense that the statute of limitations had expired and then that would be dismissed outright. And I just wanted to talk. I have one other question. Obviously, we have a lot of issues here on this case. Let's assume that the state alleged that an offense occurred on or about a certain date. I mean, we can pick August 1st, 2010. And the parties went to trial, but there was no evidence whatsoever adduced, no testimony adduced with respect to when the offense occurred. Has the state met its burden of proof? Just so I'm understanding, in this instance, there's no defect on the pleading in that it was pled? The state has alleged that the offense occurred on August whatever date I said, 2010. Sure. But nobody testified, the victim, nobody testified to when the offense occurred. Has the state met its burden of proof? The case law suggests yes, in that case laws, and I can provide Your Honor a copy of the case law. But case law says that time, date, and place don't become an issue, an element of offense, unless the defendant makes it as an element of the defense. Do you see that often? So how do we know that the offense did not occur outside of the statute of limitations? How does the fact finder know that? Respectfully, I'm not sure. I'm thinking of sex assault cases in which oftentimes there are issues of date, time, and place, or sex crimes, and oftentimes victims may not be. So you're saying, but didn't you say earlier that even though it's not an element, statute of limitations would be a material averment? That's correct, yes. But one that the state doesn't have to prove? The statute of limitations? I apologize, Your Honor. That an offense occurred within the statute of limitations, and you do that obviously by proving a date, correct? On or about, doesn't have to be an exact date. Sure. Yes, you would, yes. So doesn't the state have to prove that in order to find a defendant guilty? That it occurred on a specific date? On or about a date, certain. That is, to show that it occurred within the statute of limitations. I believe in your situation, I believe then, yes, I think that the state would not have been able to have met its burden to prove at that point. However, whether or not the proof of the date of that crime is not the same as whether or not a statute of limitations exception is proven. I believe that those are two distinct different issues. In this instance, when you're proving a date or a time, that is something in which, you know, obviously the facts of the case and the testimony will support those facts. In something like this, where this tolling provision is a prior case of the defendant, which was tolling at the exact same time, one, the court can take judicial notice of its own record in that it was the same case. And two, it's not the same because you're not producing evidence from, you know, witnesses or things of that nature. Regardless, I think the concern of the court is that it's difficult to reconcile the defendant's position with case law, with the procedural posture of the cases, with the procedural posture of his own case, and with the jury instructions to find that because the element was not, or because the, excuse me, because the tolling provision was not proven at trial, he must be acquitted outright. I believe, Justice Burke, as you set forth, the cases don't provide outright reversal. They provide remand for a new trial. And as more, you know, as Justice Giambazzi stated, that Morris was a issue on the pleadings, they did conduct a remanded back to the appellate court for determination of the sufficiency of the evidence so they can determine if they can retry him. But they didn't get a, or it was, as you just said, a pleadings case. Correct. We weren't at the stage we were in this case. Correct. Where we were, went through, the judge went through a whole trial. That's correct. But in those instances, I believe in Morris, not only they didn't plead it right, but obviously they didn't plead it, there wasn't the sufficient evidence. There wasn't evidence to prove it at that point of that statute of limitations exception. There would be no need to send it back for a new trial. Right, but now here, the information contained all of the notice the state needed, correct? Correct. Okay, so why would the defendant have to file a pretrial motion with respect to it, if the state had all the information it needed, had all the notice it needed? Because it's our position that a statute of limitations is an affirmative defense, which can be waived, as Gray put forth. So you're saying the defendant has to come in? Yeah, it would be our position he has to come in on 114 or in his answer. So in essence, by doing that, they're saying, okay, state, now remember, you're going to have to prove this. We've alleged it, but we're telling you by coming in on this 114 motion that don't forget to prove it. Is that the burden of the defendant? If a statute of limitations exception was an element that has to be proven at trial, it would not be sufficient for a 114-1 motion, because a motion to dismiss are instances in which you, excuse me, let me back up. Case law has stated that in a motion to dismiss, you can't file a motion to dismiss that you can't prove one of these elements. That would be something that would be a defense that people would be solidating. That would be a defense that you wouldn't be able to, you know, you wouldn't raise. Well, but we're not talking about defenses here. We're talking about the pleading in this particular case. Put the state on notice, did it not, with regard to the statute of limitations exception that applied? Respectfully, I would say we put the defendant on notice that this is an offense that the state is charging and they have the authority to charge within this time frame because it's a tolling provision. Okay. So then it's your position that the defendant now has notice. You've made the allegation in your pleading, given them notice. Now they have to come in and say by a pretrial motion under 114, what do they say? What do they put in that motion in this particular case? Well, in this particular case, there is no 114 motion. No, no. But what should they have put in that motion? If indeed they're required to make it or else it's waived, what do they put in it? Well, in this particular case. Under these facts, what would they put in it? Under these facts, first of all, I would say there's no 114 motion. It would be an answer for an affirmative defense of statute of limitations. And secondly, there would be no. So wait, don't go too fast here. Sure. So they wouldn't have to file a 114 motion? I don't think our position is that you have to file a 114 motion. I think the position and the position of Gray is that you have to put the state on notice that you're challenging or raising the statute of limitations affirmative defense. If that's in a 114, that could be in a 114. And if, for instance, there was a 114 filed and it was denied by the defendant's motion, was filed and denied, I would argue that that would still put the state on notice that they are challenging the statute of limitations exception. Okay. So you're saying, so they didn't have to do that, but then they should have come in and in their answer, what should they have said? They are raising, just like self-defense, they are raising, they're saying not to be proven on the facts, they're raising affirmative defense of statute of limitations. On what basis? The statute of limitations of affirmative defense. Well, if you were writing this answer, what would you generally say in it with respect to these facts? With respect to these facts, in my opinion, that there is no statute of limitations affirmative defense because there is. Right. If there isn't any, so then what is the point of the defense coming in and filing it or having to file it if there isn't any basis for it under these facts? Sure. And then there would be no basis to raise the statute of limitations, just like self-defense does not always. And they didn't do that. They didn't raise it. They held the state to its proof. And at the end of the trial, when there was no proof with respect to it, they called it to the attention of the judge. The reason why, in this case, you wouldn't have to raise it in an answer is because there is no statute of limitations defense to this. So therefore, you can't raise that. And I would, just to speak very briefly on, I believe, Your Honor, when you're saying that they raised it at trial, there is a case, and I believe I cited it in my brief, but I'm not sure I can file it supplemental if so. In that case, the defendant didn't raise it at trial. And the issue was, on appeal, was whether or not they could dismiss it outright or reverse it outright. And what the court said was that they were not given, the state was not given the opportunity to present evidence of the statute of limitations had told. And I believe, I apologize, it's People v. Grogan, and I'm not sure if I had cited it. And if I did not cite it, I will provide a copy to the court. You said Grogan? Grogan. And that's 197 Illap 3rd 18. That's a first district case from 1990. And in that instance, they were made it for a new trial because the state was not given the opportunity to present evidence the statute of limitations had told. That would, again, indicate that there has to be some notice given to the state in order to respond, either pre-trial or if, let's say, they wanted to raise it in a motion for direct averted, then the state would have the opportunity in their rebuttal to raise it again. Again, the remedy requested by the defendant, outright reversal, is not suggested by the case law where they remain for a new trial. And if there are no other questions. Okay. Thank you. Thank you. Mr. Ramchow. Your Honor, I look for guidance from the highest court in their pronouncements. And in this case, the defendant had the absolute right to look for and receive this guidance from the Illinois Supreme Court's pronouncement that this was an element of the offense that the state had to prove and from the Supreme Court of the United States that says every element of a case must be proven at trial, before the trial of fact, beyond a reasonable doubt. And I looked for further guidance to the Illinois Supreme Court's jury instructions that said the same thing. Now, how would anyone in their right mind not think that ended the question at hand? I almost say it rhetorically. If a law student, a first-year law student, went to his law professor and said at the end of a trial where the state had failed, failed to present zero evidence on an element of the proof, what should the defense attorney do? Every lawyer, every law professor, every judge, every justice would say sit down, be quiet, do nothing. When an element has not been proven to the degree of zero percent, sit down, say nothing. Don't go defend on the other elements. Don't risk opening the door. Shut up, sit down, and wait for the verdict that you're entitled to. That's exactly what happened here. You want to talk about prejudice? A defense attorney listens to a case, knows the state, already admits by their own pleading that they know they must plead and prove this is an element of the offense. It's not presented. You don't think we didn't adjust our strategy? It's right in the record. I specifically said, Your Honor, based on the evidence that was and was not proven in this case. It wasn't surplusage in that? No, we rested. I meant in the pleading. Oh, no, there's no mere surplusage. Well, how do we know what's surplusage and what isn't? How do we know in a pleading what the state has to prove and what it doesn't? Surplusage, by definition, would be something that is not a material averment to a complaint. But we know from people like Morris and the entire body of the limitation exceptions is not mere surplusage. It's a material averment. We need go no further. So ask, were we prejudiced? Yes, we were. This lawyer did exactly what any defense attorney should do, do nothing. We presented nothing on whether the defendant was or was not under the influence. We called them witnesses. And that was the right way for a defense attorney to present this case. Without doubt. I have the authority of the Supreme Court, the jury instructions. And by the way, when we talk about affirmative defenses, there is a statute that says when a defendant has to plead an affirmative defense, such as self-defense, necessity, this is not listed in the affirmative defense statute. As something a defendant must plead. So under inclusio unius as exclusio alterius, it's not something that even the criminal code says must be pled by a defendant. It actually is contained in the same section of the criminal code as all the offenses, is it not? The statute of limitations, yes. And as I seem to recall that there's often phrases when the state seeks to take away from the defendant his protections under the statute of limitations, it's their burden to plead and prove. W-R-E-S-T. Why would I think that, why would any defense attorney think he has to do anything further than when he looks at the state of the law? And I understand 114-1 says something about waiver, et cetera. But that language of that waiver has been in existence well before the Morris case that said the state had the burden of pleading and proving it. And my understanding of statutory construction is that when there's a statute that suggests a certain way of interpretation and the Supreme Court interprets it as they have here, that there's still a pleading and proof requirement, that the fact that it's been altered by that or discussed by Morris, that it doesn't relieve people of their proof requirement, just like it didn't in Adams, the fact that they didn't seek to amend it means they're accepting of that interpretation. When the legislature did not like the fact that venue had to be proven at trial, they reacted by amending it. They didn't. They've never said they don't like the fact that the state has to plead and prove a statute of limitations despite Morris and 80 years of case law that is in favor of the defense. Thank you. Thank you very much, counsel. The court will take this matter under advisement and render a decision in due course. Court stands in recess for the day.